UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMSON LIFT TECHNOLOGIES,

                Plaintiff,

      -against-

JERR-DAN CORPORATION, *et al.*,

                Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/7/09
```

09 Civ. 2493 (RJH)

**MEMORANDUM OPINION
AND ORDER**

Defendants Jerr-Dan Corporation ("Jerr-Dan") and Oshkosh Corporation ("Oshkosh")
have moved pursuant to 28 U.S.C. § 1404(a) for an order to transfer this action from the
Southern District of New York to the Middle District of Pennsylvania. For the following
reasons, defendants' motion is granted.

**BACKGROUND**

Plaintiff, Samson Lift Technologies, L.L.C. ("Samson"), is the owner of U.S. Patent No.
5,915,912, a new product technology that allows tow trucks to pull alongside a parked car,
elevate and retract the vehicle, and lower and secure it onto the tow truck's bed. (Compl. 4-5.)
Plaintiff entered into two contracts ("Agreements") with the defendants to manufacture, market,
and sell Samson's proposed products. (*Id.* 5.) Samson is organized in Delaware but is
headquartered in Florida, and Jerr-Dan and Oshkosh are organized and headquartered in
Pennsylvania and Wisconsin, respectively. (*Id.* 2-3.)

In this action, plaintiff alleges various claims arising out of the contracts, that Jerr-Dan,
*inter alia*, (1) fraudulently induced plaintiff to enter into the Agreements, which Jerr-Dan had no
intention of performing, (2) negligently misrepresented material information about Jerr-Dan's

intentions and plans to plaintiff, (3) breached the terms of the Agreements by developing and selling competing products, and (4) wrongfully converted plaintiff's patent by selling the products to United Kingdom, in violation of the Agreements. (*Id.* 23-34.)

## DISCUSSION

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The moving party has the burden to make a "clear and convincing showing" that transfer is proper. *Cartier v. D & D Jewelry Imports*, 510 F. Supp. 2d 344, 345 (S.D.N.Y. 2007) (citing *Habrout v. City of New York*, 143 F. Supp. 2d 399, 401 (S.D.N.Y. 2001)). The moving party must demonstrate that: "(1) the action is one that might have been brought in the proposed transferee forum, and (2) the transfer promotes convenience and justice." *Id.* (internal citations omitted). Plaintiff does not dispute that this action could have been brought in the Middle District of Pennsylvania. Thus, the only question to consider is whether transfer is proper considering the factors listed in the discussion below.

In determining whether to transfer, "[d]istrict courts have broad discretion in making determinations of convenience under Section 1404(a), and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) (citing *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992)). "There is no rigid formula for balancing these factors and no single one of them is determinative." *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000).

Courts generally consider various factors in the analysis: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts,

2

(6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." *D.H. Blair*, 462 F.3d at 106-07 (internal citations omitted).

## 1.   The Plaintiff's Choice of Forum

This factor obviously tips against transfer, but the Court affords it less weight for two reasons. First, this forum is not the plaintiff's residence. *See Brasseler USA Dental, L.L.C. v. Discus Dental, Inc.*, No. 04 Civ. 9404 (NRB), 2005 WL 1765706, at *4 (S.D.N.Y. July 25, 2005) (holding that plaintiff's choice is entitled to less weight because plaintiff was "not a resident of the Southern District of New York"); *Olympia Group, Inc. v. Cooper Industries, Inc.*, No. 00 Civ. 7367 (MBM), 2001 WL 506219, at *3 (S.D.N.Y. May 14, 2001) ("The plaintiff's choice is entitled to less deference when the plaintiff does not reside in the chosen forum."). Second, the underlying dispute has little connection to New York, save for the fact that a Jerr-Dan distributor will testify to the sales and marketing of competing products by defendants in New York. *See Brasseler USA Dental*, 2005 WL 1765706, at *4 (holding that plaintiff's choice is entitled to less weight because "the central issues of [the] case are only minimally connected to New York"). Thus, this factor weighs only slightly against transfer.

## 2.   The Convenience of Witnesses

The parties are in dispute as to the location of the present action's key witnesses. While plaintiff contends that the key witnesses are located in New York, defendants contend that the key witnesses are located in Pennsylvania and Wisconsin. (Def.'s Mem. Supp. Mot. to Transfer 6-7, 9; Pl.'s Mem. Opp. 9-10.)

In weighing this factor, "it is not the number of prospective witnesses that determines the appropriateness of a transfer but, rather, the materiality of their anticipated testimony." *Dwyer v. General Motors Corp.*, 853 F. Supp. 690, 693 (S.D.N.Y. 1994). "A court must qualitatively

evaluate the materiality of the testimony that the witnesses may provide when assessing the convenience of witnesses." *Eres N.V. v. Citgo Asphalt Refining Co.*, 605 F. Supp. 2d 473, 480 (S.D.N.Y. 2009) (internal citations omitted).

While the Court agrees with plaintiff's contention that Mr. Nussbaum, the primary Jerr-Dan distributor in the New York area, may have relevant information regarding the sales and marketing of competing products in New York, because of the nature of plaintiff's claims, the key witnesses are those who have actively participated in the negotiation of the disputed contracts and the defendants' subsequent conduct relating to the production and marketing of plaintiff's design. Therefore, both the scope and materiality of the testimony that is expected to be provided by witnesses that reside in Pennsylvania and Wisconsin far outweigh those of any New York witnesses.

The convenience of witnesses is generally considered to be the most important factor in the transfer analysis. *See Aerotel, Ltd. v. Sprint Corp.*, 100 F. Supp. 2d 189, 197 (S.D.N.Y. 2000) ("The convenience of both party and nonparty witnesses is probably considered the single most important factor in the analysis of whether a transfer should be granted."). This factor weighs heavily in favor of transfer.

**3.    The Relative Ease of Access to Relevant Documents and Sources of Proof**

This factor favors the forum in which it is easier to conduct merits-related discovery because of the forum's close proximity to relevant documents and other sources of evidence. *See In re Warrick,* 70 F.3d 736, 741 (2d Cir. 1995) (transfer proper when the new venue "would facilitate the parties' access to the testimony of the [witnesses], as well as to the documents that comprise and illuminate the Plan itself"). Although this factor has lost some of its original significance with the improvements in transportation and communications technology, it should

be considered to the extent that it bears on the convenience calculus. *See Brasseler USA Dental*, 2005 WL 1765706, at *4 ("The cost of copying and transporting these materials to New York, although by no means substantial, is a cost that can be avoided by a transfer of venue.").

As discussed below, the operative events occurred largely in Pennsylvania and the corresponding documents that pertain to the operative events are located there. The documents that the plaintiff contends are in New York do not go to the heart of the underlying dispute regarding the business decisions made in Pennsylvania with respect to the alleged fraudulent inducement and breach of contract. Therefore, this factor favors transfer.

**4.      The Convenience of Parties**

Transferring the present case to Pennsylvania would cut down on substantial inconvenience imposed on the defendants, while not materially disadvantaging plaintiff who has to travel from Florida in any case. *See Eslworldwide.com, Inc. v. Interland, Inc.*, No. 06 Civ. 2503 (LBS), 2006 WL 1716881, at *4 n.2 (S.D.N.Y. June 21, 2006) (holding that burden of traveling several more hours where party must travel anyway "not legally significant"); *Coker v. Bank of Am.*, 984 F. Supp. 757, 765 (S.D.N.Y. 1997) (same). Notwithstanding plaintiff's contention that Samson's manager Mr. Gelbart frequently travels to New York for business and charitable work, this factor weighs in favor of transfer.

**5.      The Locus of Operative Facts**

While the parties' dispute touches on several locations, the Court concludes that the locus of operative events is Pennsylvania, not New York.

The heart of plaintiff's complaint is that defendants conspired and schemed to deceive and swindle plaintiff by acquiring access to Samson's patented technology through misrepresentations, then used such knowledge to gain an unfair advantage in doing business in

the tow truck industry.

The operative events relating to fraud and misrepresentation are deemed occur in the place where such statements are made. *See Bank of America, N.A. v. Hensley Properties, LP*, 495 F. Supp. 2d 435, 436, 440 (S.D.N.Y. 2007) (holding that operative events relating to allegations of fraud committed by making misstatements and omissions with the intent to induce defendant to enter into agreement occurred in the place where the meetings discussing the agreement occurred); *accord Laborers Local 100 and 397 Pension Fund v. Bausch & Lomb Inc.*, No. 06 Civ. 1942, 2006 WL 1524590, at *5 (S.D.N.Y. June 05, 2006) (holding that locus of operative facts is where "all of the press releases and corporate filings, as well as the alleged misstatements" originated); *Purcell Graham, Inc. v. Nat'l Bank of Detroit*, No. 93 Civ. 8786, 1994 WL 584550, at *4 (S.D.N.Y. Oct. 24, 1994) ("Misrepresentations and omissions are deemed to 'occur' in the district where they are transmitted or withheld, not where they are received.").

Plaintiff's claim that New York is the locus of operative facts largely depends on the arguments that Jerr-Dan directed its marketing efforts on New York City, that models provided by defendants proved to be defective at product demonstrations in New York City, and that the only product actually sold by Jerr-Dan was in the New York area.  (Pl.'s Mem. Opp. 7.) Although this series of events was certainly the last straw for plaintiff in deciding to take action against defendants' alleged inability to live up to the terms of the Agreements, the actual operative events and defendants' alleged wrongful conduct are misrepresentations allegedly made by defendants to induce plaintiff into entering into the Agreements, the defendants' design and manufacture of competing products, the formulation and implementation of marketing and sales policies, and the filing of a competing patent, all of which primarily occurred at defendants'

6

headquarters in Pennsylvania and Wisconsin.

"The location of the operative events is a 'primary factor' in a transfer motion."
*WellQuest Int'l Inc. v. Genesis Intermedia.com, Inc.*, No. 00 Civ. 6558, 2001 WL 1246592, at *4
(S.D.N.Y. Oct. 18, 2001) (quoting *ZPC 2000, Inc. v. SCA Group, Inc.*, 86 F. Supp. 2d 274, 279
(S.D.N.Y. 2000)). Accordingly, this factor weighs heavily in favor of transfer.

## 6.    The Availability of Process to Compel Unwilling Witnesses

A New York court cannot compel the attendance of non-party witnesses located in
Pennsylvania and Wisconsin, and a Pennsylvania court cannot compel the attendance of non-
party witnesses located in New York outside the 100-mile radius. Because, as discussed above,
the Court finds that the key witnesses are located in Pennsylvania and Wisconsin, this factor
favors transfer to the forum that can compel the attendance of any unwilling key witnesses to the
action.

## 7.    The Relative Means of the Parties

While there are allegations to indicate that the defendants are in better financial health to
litigate this matter than is plaintiff, who is allegedly funding this lawsuit through the personal
assets of Samson's principal, (Pl.'s Mem. Opp. 15), the Court finds that this factor leans only
slightly against transfer because plaintiff is still a corporation. *Atlantic Recording Corp. v.
Project Playlist, Inc.*, 603 F. Supp. 2d 690, 697 (S.D.N.Y. 2009) ("This factor carries little
weight when the party arguing to transfer is a corporation.") (citing *AEC One Stop Group, Inc. v.
CD Listening Bar, Inc.*, 326 F. Supp. 2d 525, 531 (S.D.N.Y. 2004) ("When both parties are
corporations, however, this factor is given little weight.")).

7

## CONCLUSION

Considering the totality of the circumstances, the Court finds that this case would be more expeditiously and justly resolved in the Middle District of Pennsylvania, where most of the operative events occurred, where most of the documents relating to the underlying dispute are located, and where most of the key witnesses are subject to the court's subpoena power.

The Court therefore GRANTS defendants' motion to transfer [6] and directs the Clerk of the Court to transmit the file in this action to the Clerk of the United States District Court for the Middle District of Pennsylvania.

SO ORDERED.

Dated: New York, New York
        August **7**, 2009

Richard J. Holwell
United States District Judge

8